In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Jerome Workman, #272838,** ) | |
| ) | Civil Action No. 9:07-2190-GRA-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **E. Richard Bazzle, Warden of Perry** ) | **OF THE MAGISTRATE JUDGE** |
| **Correctional Institution,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

### I.    INTRODUCTION

The Petitioner, Jerome Workman ("Petitioner" or "Workman"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The above-named Respondent has filed a motion for summary judgment. [14] As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

### II.    *PRO SE* PETITION

Workman is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915,

28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Greenville County Grand Jury indicted Workman at the November 2000 term of court for Armed Robbery (2000-GS-23-10730).  Attorney John M. Rollins represented Workman on these charges.  On February 16, 2001, Workman appeared before the Honorable H. Dean Hall and a jury.  Workman was found guilty and Judge Hall sentenced him to thirty years imprisonment for armed robbery.[1]

Workman timely served and filed a notice of direct appeal from his conviction and sentence.  Assistant Appellate Defender Aileen P. Clare of the South Carolina Office of Appellate Defense was appointed to represent Workman in his direct appeal.  On February 16th, 1999, Clare filed an *Anders* Brief,[2] along with a petition to be relieved as counsel, in which she raised the constitutionality of the show-up identification of Workman.  Workman also filed a *pro se* brief raising the following issues:

1. Indictment was invalid because he was not indicted within 90 days.
2. Bond was set improperly.
3. Case was not prosecuted within 180 days.
4. Illegal search warrant to obtain his clothes b/c no test was run on clothes.
5. Evidence was possibly tampered with.
6. Amount of money taken from the store was questionable.
7. Level of certainty of witnesses was not good.
8. Witness Carter had a criminal record and his testimony varied at trial from statement.

---

[1] Petitioner's prior record included convictions for the following: disorderly conduct in 1989, assault and battery in 1990, second degree lynching in 1991, assault and battery in 1992, disorderly conduct in 1992, assault and battery on a police officer in 1993, failure to appear in 1993, burglary in the second degree in 1994, strong armed robbery in 1995. Petitioner received an eight (8) year sentence on the strong armed robbery charge in 1995. Judge Hall was made aware of this record before passing sentence.

[2] *Anders v. California*, 386 U.S. 738 (1967).

      9.      Judge erred in not allowing translator for witness Rajaball Neshann.

      10.     His arrest was without probable cause.

      11.     Officer's comments, conduct and opinions violated his constitutional rights.

      12.     Insufficient trial counsel (should have done more and handled appeal).

      13.     Prosecutor's closing argument was unfair and stated facts not in evidence.

      14.     Out of court and resulting in-court identification should not have been admitted.

The case was submitted to the South Carolina Court of Appeals and that Court dismissed the appeal as without merit on March 19, 2002, citing *Anders v. California*, 386 U.S. 738 (1967) and *State v. Williams*, 305 S.C. 116. *State v. Workman*, 02-UP-211 (Ct. App. filed March 19, 2002)  The Remittitur was sent down on May 2, 2002. Workman did not appeal to the South Carolina Supreme Court.

### B.  Workman's First Application for Post-Conviction Relief

On July 26, 2002, Workman filed his application for post-conviction relief. In his APCR, he raised three claims: (1) ineffective counsel; (2) error of court; and (3) violation of State and Federal Constitutional rights. The State filed its Return on January 16, 2002. An evidentiary hearing in the matter was held before the Honorable John C. Few on August 1, 2003. Workman was present and represented by James Bannister, Esquire. Respondent was represented by the South Carolina Attorney General. Trial counsel, John Rollins, Esquire was called to testify. At the time of the hearing, Petitioner indicated that he was proceeding on the following allegations:

   1. Ineffective assistance of appellate counsel.

      a. Filed an Anders brief; and

      b. Failed to fully address identification issue.

   2. Ineffective assistance of trial counsel.

      a. Failure to object to trial court's instruction on voluntariness; and

      b. Failure to object to chain of custody on the Petitioner's clothes.

The PCR court had the opportunity to review the record in its entirety and also heard the testimony at the post-conviction relief hearing. The court further had the opportunity to observe the witnesses presented at the hearing, pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. Section 17-27-80 (1985).

The PCR court noted, that at the hearing, John Rollins, Petitioner's trial counsel, testified that the identification was a key issue in the case and that the identification was a "show-up" procedure. He stated that he was never contacted by appellate counsel. Trial counsel further testified that he did object to the chain of custody on Petitioner's clothes, but did not object to the trial court's charge to the jury.

The PCR court held that in a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). The court concluded that where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); *Butler, Id.*

The court concluded that the proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The court also concluded that courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Butler, Id.* The PCR court noted the applicant must overcome this presumption to receive relief. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

The PCR court concluded that courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its

"reasonableness under professional norms." *Cherry*, 300 S.C. at 117, 385 S.E.2d at 625, *citing Strickland*. Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *citing Cherry*, 300 S.C. at 117-18, 386 S.E.2d at 625; *Todd v. State*, 355 S.C. 396, 585S.E.2d 305 (2003).

The court found and concluded that the jury charge, as a whole, was not objectionable, and trial counsel had no objection to make thereto. Even had trial counsel made the objections as the Petitioner argued, they would have had no impact on the outcome of the proceeding. As discussed above, both of the objections to which Petitioner alluded were without merit. Failure to make merit-less objections cannot satisfy the prejudice requirement, as there is no reasonable probability that the result would have been different but for the failure to so object.

The court pointed out that a defendant is constitutionally entitled to effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record." *Thrift v. State*, 302 S.C. 535, 539, 397 S.E.2d 523 (1990). The PCR court concluded that appellate counsel has a professional duty to choose among potential issues according to their merit. *Jones v. Barnes*, 463 U.S. 745 (1983). The court also concluded that where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. *Griffin v. Aiken*, 775 F.2d 1226 (4th Cir. 1985).

The court concluded an applicant for post-conviction relief must show that appellate counsel's performance was deficient and that the applicant was prejudiced by the deficiency. *Thrift, Id.* at 537. The court noted that when a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). The court found that generally, the presumption

of effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. *Id*.

The PCR court found that Petitioner failed to carry his burden of proof on the issue of ineffective assistance of appellate counsel. The court held and concluded that he had not shown that his appellate counsel rendered deficient performance. The court concluded the issues that he believed should have been raised were not found to be meritorious by the PCR court. Importantly, the identification issue was dealt with in the brief by appellate counsel. Furthermore, the court concluded the *Anders* process requires that the appellate court review the entire record for any meritorious issues. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). The PCR court concluded that the Court of Appeals had found no meritorious issues in its review, since it affirmed the conviction and sentence. *State v. Workman, supra*. The PCR court also found that the trial court engaged in a thorough consideration of the factors relating to identification delineated in *State v. Moore*, 353 S.C. 282, 540 S.E.2d 445 (2000). The PCR court found that the testimony reflected that the witness had a sufficient opportunity to view the criminal at the time of the crime (Trans. p. 136, l. 8 – p. 137, l. 8; p. 43, l. 22 – p. 44, l. 1;p. 164, l. 21 – p. 165, l. 21), that the witness's degree of attention was sufficient (Trans. p. 137, ll.3-4; p. 165, ll. 18-23), that the witness's prior description of the criminal was accurate (Trans. p. 137,l. 9 – p. 138, l. 5; p. 169, l. 4 – p. 170, l. 2), that the witness demonstrated a sufficient level of certainty at the confrontation (Trans. p. 140, ll. 15-18; p. 172, ll. 5-6; p. 28, ll. 5-6; p. 29, ll. 5-12),and that the length of time between the crime and the confrontations was not such that it would cast doubt upon the identification of the criminal (Trans. p. 48, ll. 5-11; p. 71, ll. 4-7). Therefore, the PCR court concluded, this issue was properly dealt with though an *Anders* brief.

With resepct to the issue of ineffective assistance of trial counsel, the PCR court concluded that Petitioner had failed to carry his burden of proof. First, the court found no deficient performance in trial counsel's failure to object to the chain of custody on Petitioner's

clothes.  The PCR court reasoned that chain of custody is not required for the authentication of evidence with distinguishing characteristics, like the clothing challenged here.  Therefore, an objection would have been meritless, and would have been overruled.  Second, in response to Petitioner's allegations that the trial judge erred by charging the the jury (1) that before they could consider any statement of Petitioner, they must find the statement was voluntary, and (2) that they could not consider the Petitioner's failure to testify against him, and that these two charges confused the jury, the PCR court found no objectionable charges given by the trial court.  South Carolina law requires that jury charges must be considered in their entirety to determine their propriety.  In considering the charge in its entirety, the found the charges were proper.

Based on all the foregoing, the PCR court concluded that Petitioner had not established any constitutional violations or deprivations that would require the court to grant his application.  Therefore, his application for post-conviction relief was denied and dismissed with prejudice.  Finally, the court advised Petitioner that he must file and serve a notice of intent to appeal within thirty (30) days from the receipt of the order denying PCR relief to secure the appropriate appellate review, citing Rule203, SCACR.  The Court also directed Petitioner's attention to South Carolina Appellate Court Rule 227 for appropriate procedures after notice was timely filed.  The PCR court therefore ordered:

1. That his application for post-conviction relief must be denied and dismissed with prejudice; and

2. Petitioner must be remanded to the custody of the Respondent.

This Order was issued by Judge Few on November 23, 2004.

Workman timely appealed from Judge Few's Order Denying his Application for PCR by Writ of Certiorari to the South Carolina Court of Appeals.  The Notice of Appeal was filed December 7, 2004.  Workman was represented in this appeal by Robert Pachak.  In this appeal, Workman raised only one issue:

> Whether defense counsel was ineffective in failing to object to jury instructions which were irrelevant to the facts of this case and invited the jury to speculate on why petitioner did not testify at his trial?[3]

The case was transferred to the South Carolina Supreme Court by Order of the Clerk of Court for the South Carolina Court of Appeals on December 8, 2004. The Supreme Court of South Carolina denied Petitioner's Writ of Certiorari without opinion on August 15, 2006. The remittitur was filed September 1, 2006.

## IV.  FEDERAL COURT HISTORY

Workman is presently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Workman filed this Petition for a writ of habeas corpus (the "Petition") on July 11, 2007, against the above-captioned Respondent, Richard Bazzle, Warden of Perry Correctional Institution. [1]. In his *pro se* Petition, Workman raised three (3) grounds for relief:

> Ground One:        Ineffective counsel both (a) appellate counsel (b) trial counsel..
>
> Supporting Facts:  Supporting facts: Trial lawyer didn't stop clothes from being used as evidence even though clothes left in county jail 6 months the search warrant used to bring clothes to court using a illegal search warrant. Police went to Judge told Judge clothes need to be examined when Police had no thought to test clothes only to use clothes in Court. 2 Witnesses changed statement during trial from written statement testimony should've been thrown out. Police officer gave testimony to actions not wrote down anywhere, something she just remembered. Allowed me to be charged with armed robbery when no gun ever found. Didn't object to prosecutor closing statement that I feel clearly biased the jury against me and was clearly and didn't object to charge to court. Told jury the reason I ran cause I had dope in my pocket page 331 line 1-3.
>
> Ground Two    Error of Court
>
> Supporting Facts:  I was taken for bond hearing bond set at 25,000. I told Judge I was thief. Judge and I argued. I just came from hospital taking medication.

---

[3] None of the issues raised in Petitioner's habeas petition were raised in the Petition for Certiorari from the denial of his application for PCR except a vague allegation counsel should have objected to the judge's charge. It is not clear if Petitioner refers to the same portion of the charge as raised in the Petition for Cert. These issues are therefore procedurally barred because they were not preserved at trial for direct appeal or not raised on appeal in the PCR action.

|  |  |
|---|---|
|  | Judge found me in contempt and gave me 30 days, also raised bond. Not taken to hospital to hours after police knew I was hurt.  Judge violated 14 Amendment due process clause allowed warrant based on false evidence to get evidence violation of *Conley v. State*, 74 Ad. 2d 330 4 Dept (1980), page 446 of Criminal Law CJSth 419-815. Statement made while I was hurt used against me.  Held for hours in pain not taken to hospital till I was in extreme pain.  Lawyer said I would get life sentence if found guilty found letter from Solicitor telling lawyer that they were mistaken way before trial but lawyer never told me.  *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991). Allowed Solicitor to bring fact up to jury that never came of in trial.  Not allowing a translator.  Main witness not American not native language. Indicted over the 90 day time limit. |
| Ground Three | Violation of State and Federal Constitutional Rights (multiple violations of both. |
| Supporting Facts | Supporting facts: 8 Amendment have during arrest and not taken to hospital.  Bol taken to other place.  I sat in pain in Adm and dz for hours.  Denied proper medical treatment.  Basically I was tortured.  6 Amendment, not given the right to counsel when first arrested taken to be I.D. without lawyer present wasn't read rights till hours later at hospital but told I was under arrest for armed robbery way before also 5 Amendment statement used against me I made while hurt w/clothes used at trial violated of my due process of law Equal protection of law. 4th Amendment state lied to get search warrant for clothes used as evidence against me.  Swore under oath clothes were need to be examined to further investigate case.  Officer admitted he only wanted clothes for evidence. |

On July 27, 2007, the undersigned issued an Order which authorized service upon the Respondent and notified Workman of the change of address rule.  [6]  On October 22, 2007, the Respondent filed a Motion for Summary Judgment, a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") and supporting exhibits.  [14; 16]

The undersigned issued an Order filed on October 24, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Workman of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the

Respondents' Return.[4]  [17]  Thereafter, Workman filed his response to the Respondents' Return on November 29, 2007.  [19]

## V.    HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on July 11, 2007.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while

---

[4]  The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]). "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.' " *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner was convicted in February 17, 2001. Petitioner timely appealed his sentence. Petitioner's conviction was affirmed on March 19, 2002 by the South Carolina Court of Appeals. The remittitur was filed May 2, 2002. Petitioner did not appeal to the South Carolina Supreme Court. Petitioner filed his first PCR application on June 26, 2002. By this Court's calculation, fifty-four (54) days lapsed since the period of limitations began on May 3, 2002. The period of limitations was tolled during the pendency of the first PCR until no later than Friday, September 1, 2006, when the South Carolina Supreme Court issued the Remittitur following its Order denying Petitioner's Writ of Certiorari from Judge Few's PCR Order of Dismissal. *See, e.g.*, *Harris v. Hutchinson*, 209 F.3d at 328 (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition). The statute began to run again on September 2, 2006 and ran until the filing of this action on July 11, 2007. By this Court's calculation, three hundred twelve (312) days elapsed from September 2, 2006 until the filing of this action. Adding one fifty-four (54) days to three hundred twelve

(312) days gives 366 days, or one year and one day.[5]  Petitioner filed this habeas action after the expiration of the AEDPA statute of limitations.  Petitioner is barred under the statute of limitations.

It appears, too, that Petitioner is not entitled to equitable tolling even if available.  *Pace v. DiGuglielmo*, 544 U.S.408, 125 S.Ct. 1807 (2005) (denying equitable tolling where the petitioner waited years to file his habeas action.)  Petitioner has offered no valid explanation in his habeas petition to explain why it is untimely and why the statute of limitations should be equitably tolled.  "The 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. at 179.   While the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)[6] it also underscored the very limited circumstances where equitable tolling will be permitted.  *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc).  The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences, particularly capital cases...and to further principles of comity, finality and federalism.".  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) and some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, – U.S. –, 127 S.Ct. 1079, 1085

---

[5] The Court has independently calculated the time that has run under the AEDPA.  The Respondent states in its brief that it "has calculated this time period several times, not counting filing days or the days the remititturs were handed down, and still reaches the figure of 366 days.  Respondent's attorney and his paralegal calculated this time period separately and using software and by hand.  Petitioner filed [the Petition] on July 11, 2007, the 367 day."  Petitioner filed after the AEDPA statute of limitations ran.

[6] The United States Supreme Court has assumed, without deciding, that equitable tolling is applicable in the habeas setting.  See *Lawrence v. Florida*, – U.S. –, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

(2007)(citation omitted) (holding petitioner was not entitled to equitable tolling when at the time he neglected to file timely, law was not questionable where federal circuits were in agreement petitioning U.S. Supreme Court for cert. did not toll habeas corpus statute of limitations).  The requirement that the Petitioner prove he was prevented from timely filing by extraordinary circumstances which were beyond his control or external to his own conduct does not include the failure of his attorney to advise him of the statute of limitations or mis-advice from counsel.  *Id*. ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel");  *Rouse*, *supra*.  Ignorance of the statute of limitations or inadequacy of the prison law library also do not suffice.  *See Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"(quotation omitted)); *Id*. (holding assistance petitioner received from inmate law clerk did not relieve him of personal responsibility to file within AEDPA's one-year period); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding illiteracy does not merit equitable tolling).  *See also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (recognizing that the lack of access to library materials does not automatically qualify as grounds for equitable tolling) *cert. denied*, 535 U.S. 1055 (2002).

     There is nothing in the record nor has Petitioner put forth any facts to support the theory that equitable tolling applies in this case.  First, Petitioner has not shown he has pursued his rights diligently.  Second, Petitioner has not shown that some extraordinary circumstance stood in his way and prevented him from timely filing, especially where, in this case, Petitioner could have filed this habeas petition any time before the expiration of the statute of limitations in which to file a habeas petition.  *Pace, supra*.  Therefore, Petitioner is barred by Section 2244(d)(1).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondent's Motion for Summary Judgment **[14] should be granted**.

*/s/ George C. Kosko*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

March 11, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).