UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerome Workman, #272838, | ) | C/A No.: 9:07-2190-GRA-GCK |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| E. Richard Bazzle, Warden of Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D. S.C., and filed on March 11, 2008. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on July 19, 2007. Respondents filed a motion for summary judgment on October 22, 2007. On October 24, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. On November 29, 2007, Petitioner filed a response in opposition to the motion for summary judgment. The magistrate recommends that Respondent's motion for summary judgment be granted, because the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA").

1

**Standard of Review**

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on March 31, 2008.

### **Objections**

Overall, the Petitioner does not state any specific objections to the magistrate's Report and Recommendation. Rather, he reargues and restates the issues that were set forth in his original petition and the response in opposition to summary judgment. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. Therefore, the objections lack the specificity to trigger *de novo* review and will not be addressed.

However, the Court will address one objection made by the petitioner which it deems to be specific. On page 9, Petitioner argues that the AEDPA does not bar his case from review. (Petitioner's Objections 9.) He maintains that the date of his conviction was February 16, 2001, not February 17, 2001, as the magistrate noted in the Report and Recommendation. (Report and Recommendation 12.) Therefore, he claims that this makes his § 2254 petition timely under the AEDPA. However, this objection is without merit.

3

As evidenced by the Report and Recommendation, the date of Petitioner's conviction did not affect the time period for purposes of calculating the one-year statute of limitations period under the AEDPA. The statute of limitations began to run on the date the petitioner's conviction became final. The magistrate determined that May 2, 2002 was the date when direct review of the conviction became final. (R & R 12.) This was the date that triggered the one-year statute of limitations. The Court finds that the magistrate properly concluded that Petitioner's § 2254 petition was barred by the one-year statute of limitations period imposed by the AEDPA. *See* 28 U.S.C. § 2244(d)(1).

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment be GRANTED and the petition be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 10, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of

Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.